**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No:  4:21-cv-00078 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | **JURY TRIAL DEMANDED** |
| d/b/a WALMART, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**NOTICE OF REMOVAL**</u>

1.      Defendant Wal-Mart Stores East, LP ("Walmart") hereby removes the above-captioned action to this Court.  This action is within the Court's original jurisdiction and its removal therefore is proper under 28 U.S.C. §§ 1331, 1332(a)(1), 14441(a), and 1446.  Pursuant to 28 U.S.C. § 1446(d), Walmart will serve copies of this Notice on Counsel of Record for Plaintiff Jane Hogan ("Plaintiff") and will file copies of this Notice with the Clerk of the Circuit Court for St. Charles County, Missouri.  True and correct copies of all pleadings available via the electronic docket in the State Court Action are attached hereto as Exhibit A.

**I.      Removal is Timely Under 28 U.S.C. § 1446(b).**

2.      Plaintiff filed a Petition in the Circuit Court for St. Charles County, Missouri styled <u>Jane Hogan v. Wal-Mart Stores East, LP d/b/a Walmart</u>, Case No. 2011-CC01194 (the "State Court Action") on December 18, 2020.  (Ex. A, State Court File.)

3.      The State Court Action asserts claims of disability discrimination and retaliation in the employment context under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, <u>et seq.</u> ("ADA").  Pl.'s Pet., ¶ 1.

4.      Plaintiff caused the Petition to be served on Walmart via its registered agent for the State of Missouri on December 22, 2020.  (Ex. B, Return of Service.)

5.      This Notice of Removal is timely because it is filed within 30 days after service of Walmart.  28 U.S.C. § 1446(b).

**II.     The Court has Original Jurisdiction Under 28 U.S.C. § 1331.**

6.      This case is removable under § 1331 because Plaintiff's claims are plead under the ADA.  Pl.'s Pet., ¶ 1.

**III.    The Court has Original Jurisdiction Under 28 U.S.C. § 1332(a)(1).**

   **A.      Complete Diversity of Citizenship Exists.**

7.      Plaintiff alleges that she resides in St. Charles County, Missouri.  Pl.'s Pet., ¶ 5.  By virtue of the location of her residence, Plaintiff is presumed to be domiciled in Missouri, which domicile is *prima facie* evidence that she is a citizen of the State of Missouri.  Plaintiff is therefore a citizen of the State of Missouri for purposes of 28 U.S.C. § 1332.

8.      Wal-Mart Stores East, LP is a foreign limited partnership.  (Ex. C, Cert. of Foreign Limited Partnership.)  Wal-Mart Stores East, LP is comprised of a single general partner, Wal-Mart Stores East Management LLC ("WSEM") and a single limited partner, Wal-Mart Stores East Investment LLC ("WSEI").  WSEM and WSEI are single member LLCs, and the single member of each is Wal-Mart Stores East, Inc.  Wal-Mart Stores East, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Wal-Mart Stores East, LP is therefore deemed a citizen of the State of Arkansas.

9.      Accordingly, complete diversity exists between all parties satisfying the requirements of 28 U.S.C. § 1332(a)(1).

   **B.      The Amount in Controversy Requirement is Met.**

10.     The amount in controversy for purposes of diversity jurisdiction is met when "the matter in controversy exceeds the sum of $75,000."  28 U.S.C. § 1332(a).  It is apparent from the

face of the Complaint that the $75,000 amount in controversy requirement under § 1332(a) is met.

11.     Plaintiff alleges that she was constructively discharged from her employment with Walmart approximately 21 months ago, on April 26, 2019.  Pl.'s Pet., ¶ 38.  Plaintiff seeks unspecified monetary damages in the form of actual damages, past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorney's fees and costs.  Id. at pp.  12; 14; 17; 18-19.

12.     "Parties who prevail on an ADA claim are allowed reasonable attorney's fees and costs under 42 U.S.C. § 12205 at the discretion of the court."  Childress v. Fox Assocs., LLC, No. 4:16 CV 931 CDP, 2018 WL 3208558, at *1 (E.D. Mo. Jun.  29, 2018) (citing Shrader v. OMC Aluminum Boat Grp., Inc., 128 F.3d 1218, 1220 (8th Cir. 1997)).  Attorney fees are included in the amount in controversy analysis at the removal stage if they are an element of the recovery under the governing statute.  Crawford v. F.  Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) (noting the propriety of including attorneys' fees in determining the amount in controversy); Caldwell v. Gen.  Motors, LLC, No.  4:18-CV-01636 JAR, 2018 WL 6696624, at *3 (E.D. Mo. Dec.  20, 2018); Jarrett v. Henkel Corp., No.  4:15-CV-0832-DGK, 2016 WL 407301, at *2 (W.D. Mo.  Feb.  2, 2016) (denied motion to remand employment discrimination based on compensatory damages alleged to include back pay, front pay, and emotional distress damages along with statutory attorney fees sought even though Plaintiff was employed for "only one day" and made no claim for punitive damages).

13.     Finally, Plaintiff seeks an unspecified amount of punitive damages.  Pl.'s Pet.,  pp. 12; 14; 17; 18-19.  "The ADA allows an individual alleging intentional employment discrimination on the basis of disability under the ADA, 42 U.S.C. § 12117(a), to recover compensatory and punitive damages in addition to other authorized relief.  42 U.S.C. § 1981a(a)(2)."  Mills v. St.

Louis Cty. Gov't, No.  4:17CV00257 PLC, 2017 WL 4778571, at *3 (E.D. Mo. Oct.  23, 2017) (internal citations and quotation marks omitted).  "The Eighth Circuit has held that both punitive damages and attorneys' fees may be considered when determining the jurisdictional amount." Wright-Broderick v. Sw.  Bell Tel.  Co., No.  4:13CV1441 SNLJ, 2013 WL 5954417, at *3 (E.D. Mo. Nov. 7, 2013); see also Bell v. Preferred Life Assur.  Soc.  of Montgomery, Ala., 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."); see also Allison v. Sec.  Benefit Life Ins.  Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (considering punitive damages when determining the amount in controversy).

14.     On the face of the Complaint, the finder of fact may easily conclude that Plaintiff is seeking damages in excess of $75,000.  See Kopp v. Kopp, 280 F.3d 883, 886 (8th Cir. 2002) (finding jurisdictional amount requirement for diversity was satisfied, as award could exceed $75,000).

**IV.     Venue is Proper in this Court.**

15.     Venue lies in the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1446(a), because the original case was filed and is pending in the Circuit Court for St.  Charles County, Missouri, which is located within this District and Division.

**V.     Conclusion**

WHEREFORE, Walmart, without waiving any defenses to the claims asserted by Plaintiff and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever, respectfully removes the above-captioned action from the Circuit Court for St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division,

for further proceedings according to law.  Walmart hereby incorporates by reference all defenses, including without limitation, substantive, and procedural defenses, which may be asserted in its answer, defenses, or other responsive pleadings to be filed in this action, and requests that the United States District Court for the Eastern District of Missouri, Eastern Division, accept this Notice of Removal, assume jurisdiction of this cause, and issue such further orders and processes as may be necessary.

Dated:  January 21, 2021                     Respectfully submitted,

                                             **DOWD BENNETT LLP**


                                             By: */s/ Sheena R.  Hamilton*
                                                  Sheena R.  Hamilton                #62921MO
                                                  Meghan E.  Ball                    #66938MO
                                                  7733 Forsyth Blvd., Suite 1900
                                                  St.  Louis, Missouri 63105
                                                  (314) 889-7300 (telephone)
                                                  (314) 863-2111 (facsimile)
                                                  shamilton@dowdbennett.com
                                                  mball@dowdbennett.com

                                             Attorneys for Wal-Mart Stores East, LP

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 21, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of the Eastern District of Missouri using the electronic filing system.  I will attach a file-stamped copy of this pleading to the Notice to the State Court Clerk of Removal filed in the Circuit Court for St. Charles County, Missouri, this same date, using that court's electronic filing system and completing service on all counsel of record.  The foregoing will also be sent, this same date, by electronic mail to the following counsel of record for Plaintiff Jane Hogan:

> Cyrus Dashtaki
> Dashtaki Law Firm, LLC
> 5205 Hampton Avenue
> St.  Louis, Missouri 63109
> (314) 932-7671 (telephone)
> (314) 932-7672 (facsimile)
> cyrus@dashtaki.com

Attorney for Plaintiff

_____
*/s/ Sheena R.  Hamilton*