**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JANE HOGAN,
Plaintiff,
v.
WAL-MART STORES EAST, LP, d/b/a WALMART,
Defendant.

No. 4:21-CV-78 RLW

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Jane Hogan's motion pursuant to Federal Rule of Civil Procedure 12(f) to strike 15 affirmative defenses raised by Wal-Mart Stores East, LP ("Walmart") in its answer. Walmart filed a response in opposition to the motion, to which Plaintiff filed a reply. The motion is fully ripe and ready for review. For the reasons that follow, the motion is granted in part and denied in part.

***I. Background***

Plaintiff originally brought suit against Walmart in state court asserting four counts in her Petition for Damages ("Complaint") of employment discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). Plaintiff has multiple sclerosis ("MS") and is unable to ambulate without the use of a motorized wheelchair. According to the Complaint, Plaintiff was employed by Walmart as a People Greeter since 2004. Plaintiff alleges that in March 2019, a Walmart store manager informed Plaintiff that the People Greeter position was being eliminated and replaced with a new position entitled "Customer Host." The Customer Host position lists standing for long periods of time as an essential function of that position.

Plaintiff alleges she applied for the Customer Host position and requested an accommodation. Plaintiff claims, among other things, that she was offered the Customer Host

position, but the offer was later rescinded, because her request for an accommodation was denied. Plaintiff alleges she discussed two other positions with representatives of Walmart, Self-Checkout Host and Sales Associate, but that Walmart failed to provide her reasonable accommodations or engage in the interactive process as required by the ADA. Plaintiff also claims she was retaliated against in violation of the ADA. Plaintiff seeks compensatory and punitive damages, interest, attorney's fees, and costs, plus she asks for injunctive relief.

On January 21, 2021, Walmart removed the case to this Court on the basis of federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 14441(a), and 1446. Shortly thereafter, Walmart filed an answer, in which it asserts the following 18 affirmative defenses:

1. Except as expressly admitted herein, Walmart denies the allegations in the Complaint.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff could not perform one or more of essential functions of the Customer Host role.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to engage in the interactive process.

5. Plaintiff's claims are barred, in whole or in part, because Walmart's decisions regarding Plaintiff's employment were based on legitimate, lawful, and non-discriminatory business reasons.

6. Walmart states that its acts or omissions, if any, were undertaken in good faith attempts to comply with applicable law, for good cause, and based upon reasonable factors other than discrimination or retaliation.

7. Plaintiff's claims are barred to the extent they are based on allegations which fall outside the scope of or are not reasonably related to any charges filed with the applicable administrative agencies and/or outside the applicable statute of limitations.

8. Walmart, at all relevant times, had well-publicized and widely disseminated policies prohibiting unlawful discrimination and retaliation in the workplace, and, at all times, Walmart and its associated acted in good faith and conducted themselves in a non-discriminatory and non-retaliatory manner.

9. Walmart states that it exercised reasonable care to prevent and promptly correct any allegedly discriminatory or retaliatory action.

10. To the extent any Walmart associate is found to have personally made any of the alleged adverse employment actions, Walmart asserts the same-actor inference.

11. Even if Plaintiff could show facts supporting a discrimination or retaliation claim, which Walmart denies, Walmart cannot be held liable because Plaintiff did not avail herself of Walmart's complaint reporting procedures.

12. Plaintiff's claims are barred, in whole or in part, because any actions, events, injuries, and/or damages complained of by Plaintiff, the existence of which are denied by Walmart, were, if they occurred, the result of Plaintiff's own fault, neglect, wrongful acts, and/or omissions and not any alleged conduct on the part of Walmart.

13. There is no direct or proximate causal connection between any claim of harm or injury alleged by Plaintiff and any act or omission alleged to have been committed by Walmart.

14. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Walmart, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not mitigated her damages as required by law, and, to the extent Plaintiff has mitigated her damages, Walmart is entitled to offset those amounts.

15. Walmart states that any claim for punitive damages in this case by the Plaintiff is in violation of its right to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. All claims for punitive damages will amount to the imposition of a fine or personally in violation of the Constitution and should be dismissed. Moreover, Plaintiff has not pleaded and is unable to demonstrate the existence of any facts which would satisfy the standard or justify the imposition of such damages.

16. Plaintiff's claims for damages and other relief are subject to all applicable statutory caps and limitations.

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and unclean hands.

18. Walmart hereby reserves the right to raise additional affirmative and further defenses which become apparent throughout the course of these proceedings.

ECF No. 8 at 13-15.

In her motion, Plaintiffs moves to strike 15 of Walmart's 18 affirmative defenses. With regard to Nos. 7, 10, 12, 14, & 17, Plaintiff argues they were improperly pleaded in that Walmart failed to plead sufficient factual support to give Plaintiff notice of the grounds upon which they rest. With regard to Nos. 1, 3, 4-6, 8, 13, & 15, Plaintiff argues these are not affirmative defenses, because they merely refute Plaintiff's prima facie case. Finally, Plaintiff argues Nos. 2 & 18 are not proper defenses at all.

## *II. Legal Standard*

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts enjoy broad "discretion" in deciding motions to strike, however, they are not favored and are infrequently granted, because they amount to a drastic remedy. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading . . . is an extreme and disfavored measure."); Stanbury L. Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, motions to strike are generally disfavored because they are often filed to create a delay or used as a harassing tactic. Donelson v. Ameriprise Fin. Servs., Inc., 999 F.3d 1080, 1092 (8th Cir. 2021). See also Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245

(N.D. Ill. 1991); Fid. Nat. Title Ins. Co. v. Captiva Lake Invs., LLC, No. 4:10-CV-1890 CEJ, 2011 WL 845928, at *1 (E.D. Mo. Mar. 8, 2011). As another district court has noted:

> [M]otions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.

Van Schouwen, 782 F. Supp. at 1245. Despite this, "it is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis." Donelson, 999 F.3d at 1092.

When deciding motions to strike affirmative defenses, district courts review the pleadings in the light most favorable to the pleader and grant such motion only where, "as a matter of law, the defense cannot succeed under any circumstances . . . or is immaterial in that it has no essential or important relationship to the claim for relief." Fed. Deposit Ins. Corp. v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (citations and internal quotations omitted). "A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Morgan v. Midwest Neurosurgeons, LLC, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011) (citing Coble, 720 F. Supp. at 750). Preventing a party from engaging in burdensome discovery or "otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome," are examples that would meet the prejudice requirement. Id. (quotations omitted). See also Fitzhenry v. Vacation Consulting Servs., LLC, No. 4:17-CV-774 RLW, 2018 WL 802005, at *2 (E.D. Mo. Feb. 8, 2018). This Court has stated that motions to strike affirmative defenses should not be granted "'unless, as a matter of law, the defense cannot succeed under any circumstances.'" State of Mo. v. Charter

Commc'ns, Inc., No. 4:15-CV-1593 RLW, 2016 WL 1625461, at *4 (E.D. Mo. Apr. 21, 2016) (quoting Coble, 720 F. Supp. at 750).

The Eighth Circuit has not addressed whether affirmative defenses must meet the same pleading requirements as claims. A leading federal practice treatise takes the position that a more lenient standard applies to affirmative defenses: "Rule 8 requires only that a party 'affirmatively state' any avoidance or affirmative defense." 2 James Wm. Moore, et al., Moore's Federal Practice ' 8.08[1] (3d ed. 2013) (quoting Rule 8(c), Fed. R. Civ. P.). As a result, "Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike." Id. "[A]ffirmative defenses need not be articulated with any rigorous degree of specificity and are sufficiently raised for purposes of Rule 8 by its bare assertion." State of Mo., 2016 WL 1625461, at *6 (quoting Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997)). This Court continues to adopt that approach. Id. See also Stein for Halpern Ins. Tr. dated June 7, 1994 v. Phoenix Life Ins. Co., No. 4:17 CV 2879 JMB, 2018 WL 3993980, at *2 (E.D. Mo. Aug. 21, 2018) (under Rule 8(c), a defendant is required to plead only affirmative defenses, not evidence or facts); Arbogast v. Healthcare Revenue Recovery Grp., 327 F.R.D. 267, 269 (E.D. Mo. 2018); Herbst v. Ressler & Assocs., Inc., No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *9 (E.D. Mo. Aug. 22, 2014) (same); Baustian v. Fifth Third Bank, No. 4:13-CV-1423 SNLJ, 2013 WL 6243857, at *1 (E.D. Mo. Dec. 3, 2013) (same); Fluid Control Prod., Inc. v. Aeromotive, Inc., No. 4:09-CV-1667 CAS, 2010 WL 427765, at *3 (E.D. Mo. Feb. 1, 2010) (same); Fleishour v. Stewart Title Guar. Co., 640 F. Supp. 2d 1088, 1090 (E.D. Mo. 2009) (same).[1]

---

[1]The Court recognizes that some other judges in this district have held that the pleading standards articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v.

### *III. Discussion*

With this legal standard in mind, the Court finds that Plaintiff's motion to strike Walmart's affirmative defenses should be denied, except as to No. 18, the reservation of the right to raise "additional affirmative and further defenses which become apparent throughout the course of these proceedings." ECF No. 8 at 13, 15.

In affirmative defense No. 18, it would seem Walmart is attempting to suspend the applicable Federal Rules of Civil Procedure. Defenses that come to light during discovery are not automatically incorporated into an answer, and a party cannot "reserve the right" to amend its answer once an affirmative defense is discovered. See e.g., Fitzhenry, 2018 WL 802005, at *2 (striking affirmative defense reserving right to amend and assert additional defenses); Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC, No. 4:15-CV-804 CAS, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016) (E.D. Mo. Apr. 25, 2012) (same). Amendments to pleadings, which would include the addition of affirmative defenses, are subject to Rule 15 of the Federal Rules of Civil Procedure. Statements in pleadings purporting to reserve the right to assert additional defenses are insufficient as a matter of law. Id. If Walmart discovers additional affirmative defenses during the course of discovery, it must seek leave of Court to amend its Answer pursuant to Rule 15(a)(2), Fed. R. Civ. P. The Court will strike Walmart's Eighteenth Affirmative Defense to avoid any confusion as to the application of the Federal Rules of Civil Procedure in this case.

---

Twombly, 550 U.S. 544 (2007), apply to affirmative defenses. See, e.g., Amerisure Ins. Co. v. Thomas, No. 4:11CV642 JCH, 2011 WL 3021205, at *2 (E.D. Mo. July 21, 2011).

As for the remainder of Walmart's defenses, Plaintiff failed to meet her burden to show that the defenses cannot succeed under any circumstances, and she has not established prejudice as a result of the inclusion of these defenses. In its answer. Walmart provided Plaintiff with sufficient notice of the affirmative defenses it is asserting, all of which are very typical in an employment discrimination case. The sufficiency of these defenses may be tested later on a fuller record, such as in a motion for summary judgment, or they may never be raised again. Moreover, contrary to Plaintiff's assertion otherwise, it does not appear burdensome discovery would be required for Plaintiff to inquire about the factual and legal basis of Walmart's defenses. See Fluid Control, 2010 WL 427765, at *3. The mere investigation of affirmative defenses through standard discovery, which under the facts of this case appears to be fairly limited, does not constitute prejudice to Plaintiff. Id. The Court, therefore, declines to strike Walmart's affirmative defenses, save No. 18, the reservation of rights.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jane Hogan's motion to strike affirmative defenses is **GRANTED in part and denied in part.** The motion is **GRANTED** to the extent the Court shall strike Wal-Mart Stores East, LP's Eighteenth Affirmative Defense, the purported reservation of rights to raise additional defenses. In all other respects, the motion is **DENIED.** [Doc. 9]

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of August, 2021.