UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE HOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-78 RLW |
| WAL-MART STORES EAST, LP, d/b/a WALMART, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jane Hogan's motion for leave to file an Amended Complaint. Defendant Wal-Mart Stores East, LP ("Walmart") opposes the motion, which is fully briefed and ready for disposition. For the following reasons, Plaintiff's motion for leave to file an Amended Complaint is granted.

Plaintiff originally brought suit against Walmart in state court asserting four counts in her Petition for Damages ("Complaint") of employment discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"). Plaintiff has multiple sclerosis ("MS") and is unable to ambulate without the use of a motorized wheelchair. According to the Complaint, Plaintiff was employed by Walmart as a People Greeter since 2004. Plaintiff alleges that in March 2019, a Walmart store manager informed Plaintiff that the People Greeter position was being eliminated and replaced with a new position entitled "Customer Host." The Customer Host position lists standing for long periods of time as an essential function of that position.

Plaintiff alleges in her Complaint that she applied for the Customer Host position and requested an accommodation. Plaintiff claims, among other things, that she was offered the Customer Host position but the offer was later rescinded because her request for an

accommodation was denied. Plaintiff alleges she discussed two other positions with representatives of Walmart, Self-Checkout Host and Sales Associate, but Walmart failed to provide her reasonable accommodations or engage in the interactive process as required by the ADA.

In her Complaint Plaintiff brings the following four counts against Walmart for violations of the ADA and the ADA Amendments Act of 2008 ("ADAAA"): discrimination in hiring (Count I); discrimination (Count II); failure to accommodate (Count III); and retaliation (Count IV). In Count I, Plaintiff alleges the Customer Host position lists "standing for long periods of time" as an essential function of the position. According to Plaintiff, she believed it was not necessary to stand for long periods of time to perform the essential functions of the Customer Host position, and she requested that she be permitted to use her wheelchair as a reasonable accommodation to do the physical activity of standing. Plaintiff alleges she was informed by a third-party administrator "that her accommodation request was denied because Defendant's corporate policy required Customer Hosts to be able to independently stand on their feet for long periods of time." (ECF No. 6 at 4). Plaintiff alleges that for the Customer Host position, Walmart "utilizes unreasonable qualification standards that tend to disqualify people with disabilities," and "the qualification standard used by [Walmart] has the effect of discrimination on the basis of disability." (ECF No. 6 at 12).

On January 21, 2021, Walmart removed the case to this Court on the basis of federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441(a), and 1446. On May 11, 2021, the Court entered a Case Management Order ("CMO") (ECF No. 16), and the parties engaged in discovery and participated in mediation, which was unsuccessful.[1]

---

[1] Also pending before the Court is Plaintiff's motion to compel discovery. (ECF No. 28). The Court will take up the motion to compel at a later date.

Plaintiff moves to amend her Complaint to clarify that she is bringing disparate impact claims, as well as disparate treatment claims, under the ADA.  According to Plaintiff, Walmart refuses to acknowledge she is asserting a disparate impact claim in Count I. Plaintiff asserts that Walmart contends she alleges only disparate treatment discrimination in Count I.   Plaintiff moves to amend her Complaint to make it clear she is alleging discrimination claims of disparate impact, as well as disparate treatment.

Defendant opposes the motion.  Walmart argues Plaintiff's motion for leave to amend is untimely, and her proposed amendments to the Complaint would be futile because Plaintiff has failed to exhaust any disparate impact claims.

Plaintiff seeks to amend her Complaint after the deadline to amend has passed.   Pursuant to the CMO, the parties had until August 12, 2021, to amend their pleadings. Plaintiff filed her motion for leave to amend on December 3, 2021.   In most instances where a party seeks leave to amend the complaint after the deadline in the applicable case management order has passed, as here, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the "when justice so requires" standard of Rule 15(a). See Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Eighth Circuit has explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).   The Court therefore applies Rule 16(b)'s standard here.

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).

3

Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor. Sherman, 532 F.3d at 717.

The Court finds Plaintiff has shown good cause to permit amendment of her Complaint. Plaintiff acted with sufficient diligence because she filed her motion for leave to amend relatively soon after "discovering" that Walmart did not recognize she was asserting a disparate impact claim in Count I.  Plaintiff states she learned during a discovery dispute in October 2021 that Defendant was taking the position she had not asserted a disparate impact claim.  In October and November 2021, the parties negotiated regarding the discovery dispute and then participated in mediation in late November.  Shortly after Plaintiff's settlement offer expired, Plaintiff sought Defendant's consent to amend her Complaint.  She received notice that Walmart would not consent and filed her motion for leave to amend the same day.  The Court finds Plaintiff's conduct was not dilatory, and she has shown good cause to amend.

The Court further finds Walmart will not be unduly prejudiced by the amendment. The parties are engaged in discovery and there remains additional time to conduct discovery if necessary.  Furthermore, Plaintiff is not asserting a new claim, but rather is clarifying a claim she made in her original Complaint.  Even with the amendment, Defendant will have adequate time to prepare for summary judgment and trial, as the dispositive motion deadline is three months away and trial is nine months away.

As for Walmart's argument that amendment would be futile, based on the record before it, the Court does not agree.  Defendant argues Plaintiff failed to exhaust her administrative remedies as to any disparate impact claims based on Walmart's application of its accommodation policy and, therefore, amendment would be futile.  In her Charge of Discrimination ("Charge"), Plaintiff challenged Walmart's "corporate policy that requires customer hosts to independently stand." (ECF No. 35, Ex. 6).  Plaintiff also claimed in her Charge that she was informed of this decision

by an agent of Sedgwick, an outside corporation that handles human resource issues for Walmart. Id.  Contrary to Walmart's assertion, Plaintiff did identity a facially neutral employment policy in her Charge, and she made the claim that the policy disparately impacted those, like herself, who could not physically stand on their own.  In her Charge, Plaintiff also challenged the manner in which Walmart administered its accommodation policy by relying on the use of a third-party administrator.  There is nothing in the record to suggest Plaintiff's amendment would be futile. The Court will grant Plaintiff's motion to amend her Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jane Hogan's Motion for Leave to File an Amended Complaint is **GRANTED**. (ECF No. 33).   However, the Court will not direct the Clerk to file Plaintiff's proposed Amended Complaint, which was attached to her Memorandum in Support, because it bears an exhibit sticker labeling it as "Exhibit 1."  Attachments that require leave of Court for filing should not include an exhibit sticker or designation, unless the document will be an exhibit when filed.  Plaintiff shall promptly file her Amended Complaint without an exhibit designation. Defendant shall file its answer to the Amended Complaint within the time permitted by the Federal Rules.

**IT IS FURTHER ORDERED** that Plaintiff Jane Hogan's Motion for Leave to File Under Seal Exhibit 9 to her Motion for Leave to File an Amended Complaint is **GRANTED**. (ECF No. 37).

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ___4th___ day of January, 2022.